UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BOYD WALTERS,

    Plaintiff,

v.                                            Case No. 1:18-cv-726
                                            Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff alleged a disability onset date of May 15, 2015. PageID.233. Plaintiff identified his disabling conditions as back injury, irritable bowel syndrome (IBS), and knee problems. PageID.237. Prior to applying for DIB and SSI, plaintiff completed a GED and worked as a moving van driver, putting up fences, and landscaping. PageID.43, 56-57, 238. An Administrative law judge (ALJ) reviewed plaintiff's application *de novo* and entered a written decision denying benefits on October 12, 2017. PageID.37-45. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

##        I.       LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

3

## II.     ALJ's DECISION

Plaintiff's claim failed at the fifth step. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 15, 2015, and that he met the insured status of the Social Security Act through March 31, 2019. PageID.39. At the second step, the ALJ found that plaintiff had severe impairments of: right knee osteoarthritis; degenerative disc disease of the lumbar and thoracic spine; and, sinusitis/bronchitis. PageID.39.

At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.40. The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift or carry, 20 pounds occasionally and 10 pounds frequently. He can stand or walk for six hours. He can sit for six hours. He can never climb ladders, ropes, or scaffolds. He can never kneel or crawl. He can occasionally climb stairs and ramps. He can frequently balance, stoop, and crouch. For every 1 hour of sitting, standing, or walking, he must be able to change position. He can tolerate frequent exposure to environmental pollutants such as fumes, dust, and smoke. He can never work around hazards such as unprotected heights and unguarded, uncovered moving machinery.

PageID.40-41. The ALJ also found that plaintiff was unable to perform any of his past relevant work. PageID.43.

At the fifth step, the ALJ found that plaintiff could perform a limited range of unskilled, light work in the national economy. PageID.43-44. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy including information clerk (56,000 jobs), office helper (113,000 jobs), and inspector-hand packager (100,000 jobs). PageID.44. Accordingly, the ALJ found that plaintiff has not been under a disability, as defined in the Social Security Act, from May 15, 2015 (the alleged onset date) through October 12, 2017 (the date of the decision). PageID.44-45.

### III.    DISCUSSION

Plaintiff set forth two issues on appeal:

### A. The ALJ committed reversible error by not properly considering the opinion of Plaintiff's treating physician's assistant and the opinions of the consultative physicians.

Plaintiff's "stream of consciousness" brief is not structured in a manner which allows the Court to address specific errors. The thrust of plaintiff's claim appears to be that the ALJ did not properly address the opinion of Brent Johnson, PA-C. The ALJ addressed Mr. Johnson's opinion as follows:

> Brent Johnson, PA-C, opined that the claimant could not perform repetitive work above his head or below his waist and should avoid lifting anything over 30 pounds, and should be allowed to take rests every 30 minutes if doing moderate labor (13F). I accord this opinion little weight because it is inconsistent with the objective medical record and the claimant's activities of daily living (3E; lF; 3F; 4F; 6F; 8F; 11F; 12F; Testimony).

PageID.42.

As a physician's assistant, Mr. Johnson is not an acceptable medical source under 20 C.F.R. §§ 404.1513(a) and 416.913(a) (defining acceptable medical sources). As the Sixth Circuit explained:

> Section 404.1513 establishes two categories of medical evidence, "acceptable medical sources" and "other sources." Generally speaking, "acceptable medical sources" are licensed physicians and psychologists. 20 C.F.R. § 404.1513(a). The regulations establish the weight or deference that must be given to the opinion of an acceptable medical source depending on whether it is a "treating source," a "non-treating (but examining) source," or a "non-examining source." *Smith v. Comm'r of Social Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). "Other sources" is everyone else, including nurse practitioners, physician's assistants, and therapists. 20 C.F.R. § 404.1513(d)(1). More specifically, nurse practitioners, therapists, and the like are "non-acceptable medical sources." *See id.* The opinion of a "non-acceptable medical source" is not entitled to any particular weight or deference—the ALJ has discretion to assign it any weight he feels appropriate based on the evidence of record. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir.1997); *Engebrecht v. Comm'r of Soc. Sec.*, 572 Fed. Appx. 392, 397-98 (6th Cir.2014).

> Social Security Ruling 06–03p elaborates further as to how the ALJ should treat evidence from a non-acceptable medical source. SSR 06–03p, 2006 WL 2329939 (Aug. 9, 2006). This ruling recognizes that in some cases a non-acceptable medical source may have an insight as to the claimant's impairment that outweighs even a treating source's opinion depending on the nature of her treatment relationship with the claimant and the quality and supportability of her opinion. 2006 WL 2329939, at *5. Thus, "[o]pinions from these medical sources . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Id.* at *3. Moreover, "the case record should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity." *Id.* at *6. Finally, "the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that discussion of the evidence in the determination or decision allows a claimant and subsequent reviewer to follow the adjudicator's reasoning[.]" *Id.*

*Noto v. Commissioner of Social Security*, 632 Fed. Appx. 243, 248-49 (6th Cir. 2015).

While the ALJ is required to give "good reasons" for the weight assigned a treating source's opinion, *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004), this articulation requirement does not apply when an ALJ evaluates the report of a medical source who is not a treating, acceptable medical source. *See Smith*, 482 F.3d at 876. However, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted).

The Court recognizes that the ALJ has considerable discretion in evaluating the opinions of non-acceptable medical sources. However, in this case, the Court cannot trace the path of the ALJ's reasoning with respect to Mr. Johnson. In the Court's opinion, the ALJ's serial listing of exhibits (*i.e.*, "3E; 1F; 3F; 4F; 6F; 8F; 11F; 12F") and non-specific reference to "Testimony" is not an adequate articulation of reasons for assigning Mr. Johnson's opinion little weight.

Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Mr. Johnson's opinions.

### B. The ALJ committed reversible error by using improper boilerplate language to justify his Decision.

Finally, plaintiff contends that the ALJ improperly used "meaningless boilerplate" to justify his decision contrary to the court's decision in *Bjornson v. Astrue*, 671 F. 3d 640 (7th Cir. 2012). Plaintiff has done little more than cite this case. This Court has previously rejected a cursory claim that the Seventh Circuit's ruling in *Bjornson* requires that an ALJ's decision should be reversed for using the agency's defective "boilerplate" language or a defective "template". *See, e.g., Childs v. Commissioner of Social Security*, 2019 WL 1397080 at *5 (W.D. Mich. March 28, 2019). Plaintiff has not presented a meaningful argument in support of this error. "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, this claim of error is deemed waived.

### IV. CONCLUSION

Accordingly, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate Mr. Johnson's opinion. A judgment consistent with this opinion will be issued forthwith.

Dated: September 23, 2019  /s/ Ray Kent
United States Magistrate Judge